Case 2:23-cv-05315-WLH-AJR Document 1 Filed 07/04/23 Page 1 of 6 Page ID #:1

STEPHEN YAGMAN (69737)
YAGMAN + REICHMANN, LLP
333 Washington Boulevard
Venice Beach, California 90292-5152
(310) 452-3200

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| **R. WHITE,** | ) No. Civ.- |
| Plaintiff, | ) |
| | ) **COMPLAINT** |
| vs. | ) (Damages for Deprivation of Civil Rights) |
| **ROBERT G. LUNA** and **10 UNKNOWN NAMED DEFENDANTS,** | ) **CLASS ACTION ALLEGATIONS** |
| Defendants. | ) **JURY DEMAND** |

## JURISDICTION AND VENUE

l.  The claims made herein are asserted pursuant to the United States Constitution, and 42 U.S.C. l983, *et seq.*, and the jurisdiction of this Court is invoked pursuant to 28 U.S.C. l33l and l343.

2. The acts and/or omissions complained of occurred in the Central District of California, and within its Western Division, and therefore, venue lies in this District pursuant to 28 U.S.C. § 139l.

**THE PARTIES**

3. Plaintiff, a Black man, was within the jurisdiction of the United States of America at all times herein alleged, and was an inhabitant of the United States of America.

4. Defendants are Robert G. Luna, the Los Angeles County sheriff and Unknown Named deputy sheriffs.

5. Each and every defendant who is a natural person is sued in both his/her individual/personal capacity, as well as in his/her official capacity if he/she had any policymaking duties, functions, or responsibilities with respect to the matters alleged herein.

**FACTS COMMON TO ALL COUNTS**

6. Each and every allegation set forth in each and every averment of this pleading hereby is incorporated by this reference in each and every other averment and allegation of this pleading.

7. Plaintiff was deprived of interests protected by the Constitution and/or laws of the United States of America, and each and every defendant caused, by commission or omission, such deprivation while acting under color of law.

8. All acts and/or omissions perpetrated by each defendant, except any governmental entity defendant or any defendant only in his/her official capacity, was engaged in maliciously, callously, oppressively, wantonly, recklessly, with deliberate indifference to the rights allegedly violated, despicably, and with evil motive and/or intent, in disregard of the rights of each plaintiff.

9. Every defendant in his/her official capacity knowingly, or grossly negligently, or with deliberate indifference to the rights allegedly violated, caused

to come into being, maintained, fostered, condoned, approved of, either before the fact or after the fact, ratified, took no action to correct, an official policy, practice, procedure, or custom of permitting the occurrence of the categories of wrongs set forth in this pleading, and/or improperly, inadequately, with deliberate indifference to the constitutional or other federal rights of persons, grossly negligently, with reckless disregard to constitutional or other federal rights, failed properly to train, to supervise, to retrain, if necessary, to monitor, or to take corrective action with respect to the police and with respect to the types of wrongful conduct alleged in this pleading, so that each one of them is legally responsible for all of the injuries and/or damages sustained by any plaintiff pursuant to the principles set forth in *Monell v. New York City Dept. of Social Services* and its progeny.

Also, it is alleged that prior failures to investigate police misconduct and/or to discipline police found culpable for misconduct, inadequate investigations and/or inadequate discipline imposed for police misconduct, and/or a failure to investigate or to discipline the police defendants in this case for the alleged misconduct in this case, all make the defendants other than the police officers liable for the police misconduct in this case.

l0. On July 3, 2023, at approximately 10:30 a.m., plaintiff was ordered by a judicial officer to be released from the custody of the Los Angeles County sheriff's department. He was not released and, as of July 4, 2023, at 8:30 a.m., remained in custody.

## COUNT ONE

ll.  At the time of the incident or incidents alleged in this case, set forth at averment l0, immediately above, the rights of persons within the jurisdiction of the United States of America under Amendment IV to the United States Constitution to be secure in home, person, papers, and effects against unreasonable searches and/or seizures, and not to be subjected to the use of unreasonable or excessive

force were in effect, and any individual police officer defendant engaged in conduct (including actionable omissions, if applicable), as set forth in averment l0, immediately above, that violated those Fourth Amendment rights, and thereby also violated the Fourteenth Amendment to the United States Constitution, and by virtue thereof, each such police officer is liable to each such plaintiff for damages, either nominal or compensatory, according to proof.

## COUNT TWO

ll.  At the time of the incident or incidents alleged in this case, set forth in averment l0, immediately above, the right of persons within the jurisdiction of the United States of America under Amendment VIII to the United States Constitution to be free from cruel and unusual punishment was in effect, and any individual police officer engaged in conduct, as set forth hereinabove in averment l0, that violated that Eighth Amendment right, and thereby violated the Fourteenth Amendment to the United States Constitution, and by virtue thereof, each such police officer is liable to each such plaintiff for damages, either nominal or compensatory, according to proof.

## COUNT THREE

l3.  Each police officer defendant agreed and/or understood and conspired with at least one other police officer defendant to deprive a plaintiff of the equal protection of the laws, in violation of 42 U.S.C. l985(3), based on a racially-motivated bias against a plaintiff; and the governmental entity and/or any official capacity defendants could have, but did not, prevent the violations of Section l985(3).

Therefore, any police officer defendant is liable to plaintiff under Section l985, and the official capacity defendant who had the power and/or opportunity and/or duty to prevent, but who failed to prevent any violation of Section l985, is liable to plaintiff under 42 U.S.C. l986.

Any official capacity defendant is liable to plaintiff for all wrongs alleged in this pleading pursuant to *Monell, supra.* This alleged conspiracy is separate from the simple, non-racially-based conspiracy alleged in Count Two, hereinabove.

14.-21. Reserved.

**CLASS ACTION ALLEGATIONS.**

22. Plaintiff is a member of a class of persons have been harmed and are and/or were being harmed by their being held in custody by the Los Angeles County Sheriff's Department after a judicial officer has ordered their releases, in violation of *Vanke v. Block*, 2:98-cv-04111-DDP.

23. The class membership is so numerous that joinder of all members is impracticable, and also, because only defendants know the names of all the members of the class, and are the only persons who have information sufficient to identify all of the members of classes, it is impracticable for plaintiffs to join the members of those classes in these actions.

24. There are only common questions of fact and of law with respect to each class member, to wit: are or were they being held unconstitutionally, because of their having been ordered to be released and their not having been released.

25. The claims made by the representative party plaintiff are typical of the claims of each plaintiff-class members' claims.

26. The representative of the plaintiff class fairly will represent and adequately protect the interests of all class members, and will do so both vigorously and zealously.

27. Prosecution of separate actions by individual plaintiff-class members would create a risk of inconsistent or varying adjudications with respect to class members, which would establish incompatible standards for parties opposing the classes, and defendants have acted and refused to act on grounds generally

applicable to each class, and class questions predominate with respect to each class.

28. Therefore, this action is maintainable under Fed. R. Civ. P. Rule 23 (b)(1) and (2).

29. It is impracticable precisely to  measure the size of the plaintiff-class, but it numbers in the several thousands.

30.  The nature of the notice to be provided to class members is that, defendants be ordered to notify all of the Sheriff's current and former County Jail prisoners, and defendants be ordered to provide the names of all L.A. County jail pretrial detainees for the relevant time period, which goes back to four years before the date on which this action was filed, and then actual notice would be sent to them via USPS.

**WHEREFORE**, each plaintiff requests damages, as follows, according to proof, against each defendant:

1.  Nominal or general damages;

2.  Punitive damages;

3.  Injunctive relief;

4.  Interest from the date of the wrongful conduct;

5.  Costs of suit, including attorneys' fees; and,

6.  Such other relief as may be warranted or is just and proper.

<b>DEMAND FOR JURY</b>

Trial by jury of all issues is demanded.

<b>YAGMAN + REICHMANN, LLP</b>


By:  /s/  Stephen Yagman
<b>STEPHEN YAGMAN</b>